KRAKAU LAW
Gregory M. Krakau, Bar No. 248607
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone:    (415) 936-2400
Facsimile:    (415) 936-2401
Email:  greg@krakaulaw.com

BRONSTER FUJICHAKU ROBBINS
A Law Corporation
Skylar G. Lucas  10582 (pro hac vice pending)
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone:   (808) 524-5644
Facsimile:    (808) 599-1881
Email: slucas@bfrhawaii.com

Attorneys for Defendant
JUSTIN GORDON and SHAKACODE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PREVAIL LEGAL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>JUSTIN GORDON, an individual, and SHAKACODE, LLC, a Hawaii limited liability company; and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No. 5-20-cv-07173-BLF<br><br>**DEFENDANTS JUSTIN GORDON, and SHAKACODE, LLC'S NOTICE AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULE 12(b)(2), (3), and (6)**<br><br>Date:       April 29, 2021<br>Time:       9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:      Hon. Beth Labson Freeman |

    PLEASE TAKE NOTICE that on April 29, 2021, at 9:00 a.m., at Courtroom 3, 5th Floor

of the Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street,

San Jose, CA 95113, before the Honorable Beth Labson Freeman, Defendants JUSTIN

GORDON and SHAKACODE, LLC, by and through their attorneys, Gregory M. Krakau and

Bronster Fujichaku Robbins, will and hereby do move for dismissal the Complaint for: (1)

Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, Et Seq.; (2) Violation of

California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502; and (3) Conversion, filed October 14, 2020 ("Complaint").

This Motion is made pursuant to Rules 7, 12(b)(2), (3), and (6) of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1391 and 1406, and is based upon the Complaint filed in this matter and the attached memorandum.

Dated: December 3, 2020                          Respectfully submitted,

KRAKAU LAW


By:  /s/ Gregory M. Krakau
        Gregory M. Krakau (Bar No. 248607)
        Skylar G. Lucas (pro hac vice pending)

Attorneys for Defendants
JUSTIN GORDON and SHAKACODE, LLC

KRAKAU LAW
Gregory M. Krakau, Bar No. 248607
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone:    (415) 936-2400
Facsimile:    (415) 936-2401
Email:  greg@krakaulaw.com

BRONSTER FUJICHAKU ROBBINS
A Law Corporation
Skylar G. Lucas  10582 (pro hac vice pending)
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone:   (808) 524-5644
Facsimile:    (808) 599-1881
Email: slucas@bfrhawaii.com

Attorneys for Defendant
JUSTIN GORDON and SHAKACODE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PREVAIL LEGAL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>JUSTIN GORDON, an individual, and SHAKACODE, LLC, a Hawaii limited liability company; and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No. 5-20-cv-07173-BLF<br><br>**DEFENDANTS JUSTIN GORDON, and SHAKACODE, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:        April 29, 2021<br>Time:        9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:      Hon. Beth Labson Freeman |

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   ISSUES TO BE DECIDED ........................................................................................ 1

III.  BACKGROUND FACTS ........................................................................................... 2

IV.   ARGUMENT ............................................................................................................... 2

     A.   Dismissal pursuant to FRCP Rule 12(b)(2) is appropriate as the Court does not have personal jurisdiction over either Defendant ........................................... 3

         1.   There is no general personal jurisdiction over either defendant ................. 4

         2.   There is no specific personal jurisdiction over either Defendant ............... 5

     B.   The Complaint should be dismissed pursuant to FRCP Rule 12(b)(3) because venue is improper in the Northern District of California .......................... 9

     C.   The Complaint should be dismissed pursuant to FRCP Rule 12(b)(6) because the Complaint fails to state a claim for which relief can be granted ....... 11

V.    CONCLUSION ......................................................................................................... 12

Krakau Law
Attorneys at Law
San Francisco

- i -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

**TABLE OF AUTHORITIES**

Page

**Cases**

*Argueta v. Banco Mexicano, S.A.,*
  87 F.3d 320 (9th Cir. 1996)..................................................................9

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)............................................................................11

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.,*
  223 F.3d 1082 (9th Cir. 2000)..............................................................3

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................11

*Brayton Purcell LLP v. Recordon & Recordon,*
  606 F.3d 1124 (9th Cir. 2010)..............................................................6

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985)..............................................................................3

*CollegeSource, Inc. v. AcademyOne, Inc.,*
  653 F.3d 1066 (9th Cir. 2011)..............................................................7

*Daimler AG v. Bauman,*
  571 U.S. 117, 137, 134 S.Ct. 746 (2014)..............................................4

*Davis v. Metro Prods, Inc.,*
  885 F.2d 515 (9th Cir. 1989)................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  564 U.S. 915 (2011).........................................................................3, 4

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
  328 F.3d 1122 (9th Cir. 2003)..............................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984)..............................................................................4

*In Re Google LLC,*
  949 F.3d 1338 (Fed. Cir. 2020)..........................................................10

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945)..............................................................................3

*Mattel, Inc. v. Greiner & Hausser GmbH,*
  354 F.3d 857 (9th Cir. 2003)................................................................2

*Morrill v. Scott Fin. Corp.,*
  873 F.3d 1136 (9th Cir. 2017)..............................................................6

*NL Indus., Inc. v. Kaplan,*
  792 F.2d 896 (9th Cir. 1986)..............................................................11

*Panavision Int'l, L.P. v. Toeppen,*
  141 F.3d 1316 (9th Cir.1998)...............................................................7

*Pebble Beach Co. v. Caddy,*
  453 F.3d 1151 (9th Cir. 2006).......................................................3, 5, 6

*Perkins v. Benguet Consol. Mining Co.,*
  342 U.S. 437 (1952)..............................................................................4

*Picot v. Weston,*
  780 F.3d 1206 (9th Cir. 2015)..............................................................6

*Piedmont Label Co. v. Sun Garden Packing Co.,*
  598 F.2d 491 (9th Cir. 1979)................................................................9

*Schwarzenegger v. Fred Martin Motor Co.,*
  374 F.3d 797 (9th Cir. 2004).......................................................3, 5, 6

*Washington Shoe v. A-Z Sporting Goods Inc.,*
  704 F.3d 668 (9th Cir. 2012)............................................................6, 7

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,*
  433 F.3d 1199 (9th Cir. 2006)..............................................................6

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

**TABLE OF AUTHORITIES**

                                                                                                    **Page**

**Other Authorities**
Computer Fraud and Abuse Act
18 U.S.C. § 1030 ................................................................................................................ 11, 12
18 U.S.C. § 1030(a)(7)(C) .......................................................................................................... 11
18 U.S.C. § 1030(g) .................................................................................................................... 11
Comprehensive Computer Data Access and Fraud Act
28 U.S.C. § 1391(b) ............................................................................................................. passim
28 U.S.C. § 1400(b) ..................................................................................................................... 10
28 U.S.C. § 1406(a) ................................................................................................................. 9, 10
Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502 ................ 12
Federal Rule of Civil Procedure
Rule 12(b)(2) .......................................................................................................................... i, 2, 8
Rule 12(b)(3) ..................................................................................................................... i, 8, 9, 10
Rule 12(b)(6) ...................................................................................................................... i, 11, 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- iii -

I.     **INTRODUCTION**

Defendants JUSTIN GORDON ("Justin") and SHAKACODE, LLC ("Shakacode") seek dismissal of the Complaint for lack of personal jurisdiction, improper venue, and for failure to state a claim upon which relief can be granted. There are no grounds for personal jurisdiction over Justin or Shakacode in the Northern District of California – San Jose Division, or any part of California for that matter. Both Justin and Shakacode are out-of-state Defendants and neither had any physical presence in the State of California during the course of interacting with Plaintiff. Further, there are not sufficient minimum contacts between either of the Defendants and the Northern District of California to warrant the Court's exercise of personal jurisdiction over either of them.

The Northern District of California is also an improper venue. The allegations fail to establish the requisite elements for proper venue as enumerated in 28 U.S.C. § 1391(b). Both Defendants are residents of Hawaii, not California. There are no allegations that the actions of either defendant, or the servers upon which the alleged acts took place, are or were ever located in California. And, there is another district in which an action could have been brought, the District of Hawaii. As such, venue is improper in the Northern District of California and the Complaint should be dismissed.

Alternatively, if the Court chooses not to dismiss the Complaint, the Defendants request that the Court transfer the case to the District of Hawaii. Not only does the District of Hawaii have personal jurisdiction over the Defendants, venue would be proper there under 28 U.S.C. § 1391(b).

II.    **ISSUES TO BE DECIDED**

1) Whether the Complaint should be dismissed because the Court lacks personal jurisdiction over Defendants Justin and Shakacode.

2) Whether the Complaint should be dismissed because venue is not proper in the Northern District of California.

3) Whether the Complaint should be dismissed because it fails to state a claim upon which

Krakau Law
Attorneys at Law
San Francisco

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1    relief can be granted.

2         4) Whether the Court should exercise its discretionary powers and transfer the case to the

3    District of Hawaii.

4    **III.   <u>BACKGROUND FACTS</u>**

5         Defendant Shakacode is a limited liability company registered, incorporated, and

6    operating in the State of Hawaii. Exhibit "1" ¶1 and Complaint ¶4.

7         Defendant Justin is an individual residing in Hawaii and owns Defendant Shakacode.

8    Exhibit "1" ¶2 and Complaint ¶3.

9         In July 2019, PREVAIL LEGAL, INC., a Delaware corporation ("Prevail"), through

10   Robert Feigenbaum and Randy Bares, solicited the services of Defendants Justin and Shakacode.

11   Exhibit "1".

12        In July 2019, Defendant Shakacode began performing work for Prevail and Prevail paid

13   the first invoice provided by Defendant Shakacode. Exhibit "1" ¶17 and Complaint ¶11.

14        Defendant Shakacode developed software code for Prevail. Exhibit "1" ¶12 and

15   Complaint ¶9.

16        On August 28, 2020, due to non-payment for goods and services and other alleged tortious

17   conduct, Defendants Shakacode and Justin filed a Complaint in the State of Hawaii against

18   Prevail, Robert Feigenbaum and Randy Bares ("Hawaii Complaint"). Exhibit "1".

19        On September 11, 2020, Randy Bares was served with the Hawaii Complaint.

20        On September 30, 2020, Prevail was served with the Hawaii Complaint.

21        On October 12, 2020, Prevail, Robert Feigenbaum, and Randy Bares filed *Prevail legal*

22   *Inc.'s Motion for Partial Dismissal of Complaint*.

23        On October 14, 2020, the Complaint was filed in this case ("Ca. Complaint") in the

24   Northern District of California – San Jose Division.

25        Defendant Justin was served with the Ca. Complaint in the State of Hawaii.

26   **IV.   <u>ARGUMENT</u>**

27        The Court lacks personal jurisdiction over Defendants because the Defendants have

28

Krakau Law
Attorneys at Law
San Francisco

- 2 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

insufficient contacts and/or interactions with the State of California.  Venue is improper because the requirements of the 28 U.S.C. § 1391(b) have not been met. And, based on the allegations of the Complaint, Plaintiffs fail to state a claim upon which relief can be granted.

A.     **Dismissal pursuant to FRCP Rule 12(b)(2) is appropriate as the Court does not have personal jurisdiction over either Defendant**

A defendant can move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). Depending on the nature and extent of a defendant's contacts, if any, with a forum state, the appropriate exercise of personal jurisdiction may either be general – *i.e.*, the party is subject to any claims in that forum – or specific – *i.e.*, the party is subject only to claims arising out of its forum-related activities. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

To establish personal jurisdiction over a defendant, a plaintiff must show that both the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). California's long-arm statute is co-extensive with the scope of what is permitted by due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted).

Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1          **1.      There is no general personal jurisdiction over either defendant**

2          General jurisdiction exists only when a party's contacts with the forum state are

3    "substantial or continuous and systematic" so as to "approximate physical presence" in the state.

4    <u>Bancroft & Masters, Inc. v. Augusta Nat. Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal

5    quotation marks omitted). "For an individual, the paradigm forum for the exercise of general

6    jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which

7    the corporation is fairly regarded as at home." <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>,

8    564 U.S. 915, 924 (2011). Further, for general jurisdiction to exist over a nonresident defendant,

9    the defendant must engage in "continuous and systematic general business contacts," that

10   "approximate physical presence" in the forum state. <u>Helicopteros Nacionales de Colombia, S.A.</u>

11   <u>v. Hall,</u> 466 U.S. 408, 416 (1984) (citing <u>Perkins v. Benguet Consol. Mining Co.,</u> 342 U.S. 437

12   (1952)).

13          A corporate defendant's contacts with the forum state must render it "essentially at home

14   in the forum state" to exercise general personal jurisdiction. <u>Goodyear</u>, 564 U.S. at 919. General

15   jurisdiction over a corporation is appropriate only in the forum where the corporation is

16   incorporated or has its principal place of business, or in exceptional cases where the corporation's

17   contacts with the forum state are "so constant and pervasive as to render [it] essentially at home in

18   the forum State." <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 137, 134 S.Ct. 746 (2014) (quoting

19   <u>Goodyear</u>, 564 U.S. at 919). Merely engaging "in a substantial, continuous, and systematic course

20   of business" in a forum is insufficient for a court to exercise general personal jurisdiction over the

21   defendant in that forum. <u>Id.</u> at 138-139. Generally, a corporation's contacts with a forum cannot

22   be imputed to its owners or officers. *See* <u>Davis v. Metro Prods, Inc.</u>, 885 F.2d 515, 520 (9th Cir.

23   1989).

24          Here, both Defendants are non-residents of the State of California and do not have

25   sufficient contacts or interactions for the Court to exercise personal jurisdiction over them. There

26   is no allegation that Defendant Justin had contacts with the forum state sufficient to "approximate

27   physical presence" in the State, or that he ever had sufficient contacts in the State of California

28

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1    for personal jurisdiction over him to arise. There is no allegation that Defendant Justin was ever

2    physically in the State of California, that Defendant Justin was ever a resident of California, or

3    that Defendant Justin engaged in "continuous and systematic general business contacts," that

4    "approximate physical presence" in California.

5           The Ca. Complaint alleges that Defendant Justin resides in Hawaii and Defendant Justin

6    was served with the Ca. Complaint in Hawaii. Complaint ¶3. At most, Defendant Justin, while

7    physically in the State of Hawaii, is alleged to have been providing services and software code to

8    Prevail via its Github server. *See* Complaint ¶9. These acts, even if they occurred in the manner

9    alleged, were neither directed toward the State of California nor were they "continuous and

10   systematic general business contacts" that "approximate physical presence" in California

11   sufficient for general personal jurisdiction to arise over Defendant Justin. There is not even an

12   allegation that Prevail's Github server is located in California. As such, the State of California

13   lacks general personal jurisdiction over Defendant Justin.

14          Similarly, there is no allegation that Defendant Shakacode was ever "essentially at-home

15   in California," or otherwise had contacts that were so constant or pervasive with the State of

16   California for it to be considered "at-home" there.  In fact, the Complaint states the exact opposite

17   where it alleges, and thereby admits, that Defendant Shakacode is a Hawaii limited liability

18   company and that its principal place of business is in Hawaii. *See* Complaint ¶4. Defendant

19   Shakacode is only "essentially at home" in the State of Hawaii, where it is registered and where it

20   has its principal place of business. There is no allegation that Defendant Shakacode ever marketed

21   its services in California, that it ever directed any of its activity at the State of California, or that

22   any exceptional circumstances exist that are "so constant and pervasive as to render" Shakacode

23   "essentially at home" in the State of California. Therefore, even assuming that the allegations are

24   true, the State of California lacks general personal jurisdiction over Defendant Shakacode.

25                  **2.      There is no specific personal jurisdiction over either Defendant**

26          The Ninth Circuit employs a three-prong test for specific personal jurisdiction:

27                  (1) The non-resident defendant must purposefully direct his
                     activities or consummate some transaction with the forum or

28

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 801.

"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155 (citation omitted). A plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The first prong may be satisfied with facts sufficient to show either "purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, are in fact two distinct concepts." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach*, 453 F.3d at 1155). The Ninth Circuit "generally appl[ies] the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Where Plaintiff's claims arise in tort, the Court applies the purposeful direction test, which employs the "effects test," requiring proof of three elements: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 803). This test looks "to the defendant's contacts with the forum state itself, not the defendant's contacts with the persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (internal quotations and citations omitted). "[M]ere injury to a forum resident is not a sufficient connection to the forum" and "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* (internal quotations and citations omitted). Consideration of the act is limited to whether an "external manifestation of the actor's will" is reflected, and "does not include any of [the act's]

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1    results, even the most direct, immediate, and intended." *Schwarzenegger*, 374 F.3d at 806. With

2    respect to the "express aiming" prong of the effects test, "something more" is required than a

3    "foreign act with foreseeable effects in the forum state." *Washington Shoe v. A-Z Sporting Goods*

4    *Inc.*, 704 F.3d 668, 675 (9th Cir. 2012).

5         Further, in determining whether jurisdiction is reasonable, courts consider seven factors:

6    (1) the extent of a defendant's purposeful interjection into the forum; (2) the burden on the

7    defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the

8    defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient

9    judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in

10   convenient and effective relief; and (7) the existence of an alternative forum. *See CollegeSource,*

11   *Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) (internal citation omitted). "No

12   one factor is dispositive; a court must balance all seven." *Panavision Int'l, L.P. v. Toeppen*, 141

13   F.3d 1316, 1323 (9th Cir.1998).

14        Here, neither of the Defendants acted in purposeful direction to the State of California, nor

15   would the exercise of specific personal jurisdiction over either Defendant be fair or reasonable.

16   Looking "to the defendant's contacts with the forum state itself, not the defendant's contacts with

17   the persons who reside there" as required by the "effects test," shows that the Defendants did not

18   purposefully direct any act or activity toward the State of California. The Complaint does not

19   allege that any of the Defendants' acts were directed to the State of California. Instead, the

20   Complaint merely alleges that the Defendants acts resulted in injury to Prevail, a forum resident,

21   which is insufficient to establish specific jurisdiction over the Defendants. The Defendants never

22   made any "external manifestation of the [their] will" in relation to the State of California and

23   there is no allegation that they ever did.

24        Moreover, the law is clear that "something more" is required than a "foreign act with

25   foreseeable effects in the forum state." *Washington Shoe v. A-Z Sporting Goods Inc.*, 704 F.3d

26   668, 675 (9th Cir. 2012). And, no such additional relationship or connection between the

27   Defendants and the State of California is alleged in the Complaint. Given the lack of a connection

28

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1  between either Defendant and the State of California, there are no grounds for the assertion of

2  specific personal jurisdiction over either of them.

3        Further, even were the Court to find that Defendants had purposefully directed activities

4  toward the State of California, it would still be unfair and unreasonable to exercise specific

5  personal jurisdiction over Defendants. Under the seven-factor test enumerated for determining

6  whether specific personal jurisdiction is reasonable, the majority of the factors weigh against a

7  finding of specific personal jurisdiction over Defendants. There is no allegation that Defendants

8  had any purposeful interjection into the forum beyond the transmission of computer code over the

9  internet. Making the Defendants defend themselves in the Northern District of California would

10 be burdensome, especially where their physical presence will be required. The physical distance

11 and related costs for attending in-person events, the time difference for any call-in related events,

12 coordinating with California counsel and any future negotiations or mediations of the issues

13 presented herein, and the current restrictions related to COVID-19 all create burdens on the

14 Defendants in defending this matter in the Northern District of California.

15       The State of California does not appear to have an interest in adjudicating the dispute as it

16 is between two private businesses. The most efficient judicial resolution of the dispute would be

17 in the District of Hawaii, as there is already a lawsuit related to these matters pending in the State

18 of Hawaii. The Hawaii Complaint arises from generally the same set of events as is alleged in the

19 Ca. Complaint and, given that Prevail is already defending against the Hawaii Complaint in the

20 state courts of the State of Hawaii, an alternative forum exists for the resolution of these claims in

21 the District of Hawaii.

22       Accordingly, there is no specific general jurisdiction over either Defendant under the

23 claims alleged in this matter because neither of the Defendants acted with purposeful direction

24 toward the State of California, and because a finding of specific personal jurisdiction over them

25 would be unfair and unreasonable. Therefore, the Complaint should be dismissed pursuant to

26 FRCP Rule 12(b)(2) for lack of personal jurisdiction over Defendants.

27

28

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.   The Complaint should be dismissed pursuant to FRCP Rule 12(b)(3) because venue is improper in the Northern District of California**

The requirements for venue set forth in 28 U.S.C. § 1391(b) are clear and the acts described and alleged in the Complaint do not meet the standard to establish that venue is proper in the Northern District of California. Venue in a civil action is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated: or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If a defendant files a motion under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue, it is the plaintiff's burden to establish that venue is properly in the district where the suit was filed. <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979). In considering a motion to dismiss under Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

In this case, none of the Defendants reside in the Northern District of California and none of the Defendants is a resident of the State of California. Both the Ca. Complaint and the Hawaii Complaint state that Defendant Justin is a resident of Hawaii and that Defendant Shakacode is a Hawaii limited liability company. Exhibit "1" ¶¶1,2 and Complaint ¶¶3,4. Defendants dispute that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California because all of the alleged actions taken by Defendants occurred in the State of Hawaii. And, the District of Hawaii is a district in which venue would have been proper under 28 U.S.C. § 1391(b). Therefore, venue is improper in the Northern District of California and the Court should dismiss the Complaint because it has been wrongfully brought in an improper

Krakau Law
Attorneys at Law
San Francisco

- 9 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

venue.

Even assuming *arguendo* that a substantial part of the events giving rise to the claims raised in this lawsuit occurred on a Github server, as alleged in the Complaint, there is no allegation that said Github server is, or ever was, located in the Northern District of California. *See* Complaint ¶¶ 7 and 12. All the Complaint alleges is that the Defendants acts related to "Prevail's Github location." *See* Complaint ¶¶12, 22, 30, and 31. There is no allegation that Prevail's Github server is located in any specific location. Seemingly, the Github server that Prevail relies upon for their unfounded claim that "a substantial part of the events giving rise to the claims arose in the county of Santa Clara" and that venue is proper, could be located anywhere in the world. Under that logic, venue would be proper in the Northern District of California for any action ever taken anywhere on the internet. Such a liberal interpretation of venue is incorrect, and is not supported by the law.

And even were it to be alleged that "Prevail's Github location" is in the Northern District of California, venue still might not be proper. The Federal Circuit has held that even though the defendant operated servers in the district, venue was improper. *See In Re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020). While the holding of *In Re Google* is not directly applicable, as the case contemplated the venue requirements of 28 U.S.C. § 1400(b) which applies to patent infringement cases, similar reasoning could be applicable to this case and 28 U.S.C. § 1391(b), if the Complaint had alleged the location of Prevail's Github server with specificity.

In summation, venue is improper in the Northern District of California because there is no connection between either of the Defendants and the State of California and there is no allegation that Prevail's Github server is located anywhere in California. Further, because venue would be proper if these claims were brought in the District of Hawaii, venue in the Northern District of California is improper. Thus, there are no grounds for the Court to find that venue is proper in this action.

Where venue is improper, a court has discretion to dismiss the case pursuant to Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

U.S.C. § 1406(a). *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (per curiam). "The decision to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court." *Klamath Tribes v. United States Bureau of Reclamation*, 2018 WL 3570865 at *3 (N.D. Cal. July 25, 2018) (citing *King*, 963 F.2d at 1304).

Consequently, Defendants assert that venue in the Northern District of California is improper and that the Ca. Complaint should be dismissed pursuant to FRCP Rule 12(b)(3). However, if the Court is not willing to dismiss the Ca. Complaint, then Defendants request that the Court exercise its discretion and transfer the case to the District of Hawaii.

**C.     The Complaint should be dismissed pursuant to FRCP Rule 12(b)(6) because the Complaint fails to state a claim for which relief can be granted**

The Ca. Complaint fails to state a claim for relief that is plausible and should be dismissed pursuant to FRCP Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citations omitted). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. *Iqbal*, 129 S.Ct. at 1949–50 (citing *Twombly*, 550 U.S. at 555).

The Ca. Complaint alleges a violation of 18 U.S.C. § 1030, but fails to specify any of the required subsections for a private party to bring a claim. The statute, in §1030(g), allows a civil claim to be brought, but provides the limitation that "[a] civil action for a violation of this section

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1    may be brought **only** if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III),

2    (IV), or (V) of subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g) (emphasis added). However, the Ca.

3    Complaint does not mention any of the factors set forth in subsection (c)(4)(A)(i), but instead

4    only asserts that the claim is for a violation of 18 U.S.C. § 1030(a)(7)(C). Complaint ¶19. The Ca.

5    Complaint thus fails to provide necessary allegations, related to the factors set forth by statute, to

6    state a claim that is plausible on its face.

7         In addition, the allegations also fail to state a claim upon which relief may be granted

8    because they implicitly negate a key element of the claims. The causes of action asserted by

9    Prevail in Count I (violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030) and Count

10   II (violation of the Comprehensive Computer Data Access and Fraud Act, California Penal Code

11   § 502) both require that the Defendants acted without authorization.

12        In contradiction to this requirement, the Ca. Complaint alleges that "[b]etween July 2019

13   and March 2020, Defendant Shakacode developed software code for Prevail and delivered that

14   software code to Prevail via Prevail's Github account." Complaint ¶ 9. Defendant Shakacode

15   could not have delivered software code to Prevail via its Github account, as alleged, unless

16   Prevail first provided Defendants with access and authorization to do so. Based on the allegations,

17   Defendant Shakacode had authorization to access Prevail's computer system at the time that the

18   alleged acts occurred. And, where Defendant Shakacode had authorization to access Prevail's

19   Github account, it cannot be liable for the claims asserted in Count I or Count II.

20        Therefore, the allegations do not support the causes of action asserted in the claims against

21   the Defendants and the Ca. Complaint should be dismissed for failure to state a claim upon which

22   relief can be granted pursuant to FRCP Rule 12(b)(6).

23   **V.    CONCLUSION**

24        In conclusion, Defendants assert that this Court does not have personal jurisdiction over

25   either of them, that the venue of the Northern District of California is improper, and that the Ca.

26   Complaint fails to state a claim upon which relief can be granted. Given all of these infirmities,

27   Defendants request that the Motion be granted and that the Ca. Complaint be dismissed with

28

KRAKAU LAW
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF

1   prejudice.

2       Alternatively, because there would be personal jurisdiction over both defendants and the

3   venue would be proper in the federal court in the District of Hawaii, Defendants request that if the

4   Ca. Complaint is not dismissed, that the case be transferred to the District of Hawaii pursuant to

5   the Court's discretionary powers.

6   Dated: December 3, 2020                          Respectfully submitted,

7                                                    KRAKAU LAW

8

9                                                    By:  /s/Gregory M. Krakau

10                                                       Gregory M. Krakau (Bar No. 248607)
                                                         Skylar G. Lucas (pro hac vice pending)

11                                                   Attorneys for Defendants
                                                     JUSTIN GORDON and SHAKACODE, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS;
5-20-CV-07173-BLF